☞ *At the opening of the Court, a commission was read, dated the 21st of March, 1810, by which* Francois-Xavier Martin, *(then a Judge of the Mississippi Territory) was appointed one of the Judges of this Territory in the room of Judge Thompson, deceased.*

———◆◆◆———

### PARISH vs. SYNDICS OF PHILLIPS. ante 64.

*Brown* for the plaintiff. The dissolution of the partnership by Woolsey cannot be said to be fraudulent, for it left the creditors in as safe a situation as they were during the continuation of the partnership.

The mortgages taken by Woolsey, notwithstanding the insolvency of Phillips, cannot be said to be in fraud of the creditors of the firm, for the premises were equally liable to their claims after, as before, the execution of the mortgages—the mortgagor and mortgagee being both bound for the payment of them.

Neither can the assignment to Parish be

PARISH
*vs.*
Syndics of
Phillips.

A party to a contract cannot render the situation of the other harder or more difficult.

N

Spring, 1810.
First District.

PARISH
vs.
SYNDICS OF
PHILLIPS.

said to be fraudulent, while it is not even suggested that Woolsey is insolvent. Every man is presumed solvent until the contrary appears Woolsey's solvency could easily be established, if it were required. If it be admitted, there is not a shadow of doubt as to the fairness of the transaction between Woolsey and Parish. For, a solvent man may dispose of his property at pleasure.

IF the assignment be not fraudulent, it is immaterial to shew the authority of the agent. Parish has adopted his act; his acceptance of the mortgages has a retrospective effect. The ratification of the principle cures all the defects that may have existed as to the nature of the agent's powers.

*By the Court*, LEWIS, *J. alone.** However solvent Woolsey may be, he cannot by his own act deprive the creditors of the firm of their right to have their debts paid out of the estate of Phillips in this country. A party to a contract cannot render the situation of the other harder and more difficult. It is a fraud to the creditors to remove from their reach the property which they have a right to consider as the pledge of their claims. Woolsey may be solvent, but his solvency cannot authorize him to take from them their lien on the property of Phillips. It is much

---

* MARTIN, J. declined giving an opinion, as the case had been argued before he took his seat.

MATHEWS, J. did not sit during this term.

more advantageous for them to have their debt
paid out of the property of their debtor here, than to be compelled to look for Woolsey out of the territory.

JUDGMENT FOR THE DEFENDANTS.

